## SARAH HALL v. STATE.

No. A-7570.   Opinion Filed Nov. 29, 1930
Rehearing Denied Dec. 13, 1930.
(293 Pac. 566.)

L. M. Gensman, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county of the crime of unlawful possession of intoxicating liquor, and her punishment fixed by the court at a fine of $300 and imprisonment in the county jail for 90 days.

The evidence of the state was that the officers had a search warrant, and, upon searching the premises of defendant, found 5 pints of beer on ice and a 12 and a 20 gallon jar almost full of beer, and 220 empty beer bottles; that these empty bottles smelled of beer, and that the beer seized contained from 4 to 8 per cent. of alcohol; that, as the officers appeared on the premises, the defendant and a man and woman were in the front part of the house; and that the defendant carried two empty beer bottles to the back of the house with her as these parties left the premises.   Defendant admitted the possession of the liquor seized, but claimed it was Canadian ale and not beer.

Defendant contends, first, that the affidavit and search warrant were insufficient to authorize a search of her premises.

The defendant had identified and introduced in evidence the affidavit and search warrant as a part of her showing on her motion to suppress the evidence.   The affidavit and search warrant being sufficient on their face to authorize a search of defendant's premises, the motion was properly overruled.

Defendant next contends that the court erred in admitting certain incompetent evidence.

Defendant had taken the witness stand in her own behalf, and testified that the liquor was not intoxicating,

and that she had made it for her own use. On cross-examination the state asked her if she did not have a trick ice box sitting near a window, so arranged that she could dump the contents by stepping on a certain place in the floor. She denied this. The state then called W. E. Nix in rebuttal, who testified that he had examined this ice box, and that it was so built that it would collapse and the contents fall into a well or sewer if the floor was stepped on in a certain place. Defendant contends that the admission of this evidence was error.

The defense being that the liquor was for an honest purpose, the state had a right to show any circumstances which would tend to rebut or overcome this claim of honest purpose. The jury had a right to consider this circumstance in connection with the circumstance that the defendant attempted to fasten the door and shut the officers out, for the purpose of affecting her claim of possession for an honest purpose.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.